1  Noah R. Balch (SBN 248591)
   noah.balch@katten.com
2  **KATTEN MUCHIN ROSENMAN LLP**
3  2029 Century Park East, Suite 2600
   Los Angeles, California 90067-3012
4  Telephone:  (310) 788-4400
   Facsimile:  (310) 788-4471
5

6  Attorneys for Nonparty
   INTARCIA THERAPEUTICS, INC.
7

8  Jen C. Won (SBN 307807)
   **LARSON LLP**
9  555 South Flower Street, Suite 4400
   Los Angeles, California 90071
10 Telephone:  (213) 436-4888

11
   Attorneys for Petitioner
12 PENSION FOUNDATION OF
   PRESBYTERIAN CHURCH OF KOREA
13

14
                    UNITED STATES DISTRICT COURT
15
            NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION
16

17 In Re: *Ex Parte* Application of PENSION    ) CASE NO.  3:21-MC-80056-TSH
18 FOUNDATION OF PRESBYTERIAN                  )
   CHURCH OF KOREA.                            ) **STIPULATION AND PROTECTIVE**
19                                             ) **ORDER – CONFIDENTIAL**
                                               ) **DESIGNATION ONLY**
20                                             )
                                               ) Hon. Thomas S. Hixson
21                                             )
22                                             )
                                               )
23                                             )
                                               )
24                                             )
25
26
27
28
                                        1

**IT IS HEREBY STIPULATED** by and between the parties to *In Re: Ex Parte Application of Pension Foundation of Presbyterian Church of Korea* and nonparty Intarcia Therapeutics, Inc. (each a "Party," or collectively, the "Parties") by and through their respective counsel of record, that in order to facilitate the exchange of information and documents which may be subject to confidentiality limitations on disclosure due to federal laws, state laws and privacy rights, the Parties stipulate as follows:

1. In this Stipulation and Protective Order, the words set forth below shall have the following meanings:

   a. "Matter" means the above-entitled proceeding, *In Re: Ex Parte Application of Pension Foundation of Presbyterian Church of Korea*, designated by Case No. 3:21-mc-80056-TSH with the United States District Court, Northern District of California ("Court").

   b. "Judge" means the Hon. Thomas S. Hixson, or any other judge to which this Matter may be assigned, including the Court staff participating in such proceedings.

   c. "Confidential" means any Documents, Testimony or Information which is in the possession of a Designating Party who believes in good faith that such Documents, Testimony or Information is entitled to confidential treatment under applicable law.

   d. "Confidential Materials" means any Documents, Testimony or Information as defined below designated as "Confidential" pursuant to the provisions of this Stipulation and Protective Order.

   e. "Designating Party" means the Party that designates Documents, Testimony or Information, as defined below, as "Confidential."

   f. "Disclose" or "Disclosed" or "Disclosure" means to reveal, divulge, give or make available Materials, or any part thereof, or any information contained therein.

   g. "Document(s)" means (i) any writings, recordings or photographs, in original or duplicate form, as those terms are defined by the Federal Rules of Evidence,

1 rule 1001, which have been produced in discovery in this Matter by any person or entity, and (ii) any copies, reproductions or summaries of all or any part of the foregoing.

      h.     "Information" means the content of Documents or Testimony.

      i.     "Testimony" means all depositions, declarations or other testimony taken or used in this Matter.

      g.     "Korean Proceeding" means Petitioner's proceedings against Shinhan Investment Corp. in South Korea as described in Petitioner's ex parte application in this Matter.

2. The entry of this Stipulation and Protective Order does not alter, waive, modify or abridge any right, privilege or protection otherwise available to any Party with respect to the discovery of matters, including without limitation any Party's right to assert the attorney-client privilege, the attorney work product doctrine or other privileges, or any Party's right to contest any such assertion.

3. Any Documents, Testimony or Information to be designated as "Confidential" must be clearly designated before the Document, Testimony or Information is Disclosed or produced. The "Confidential" designation should not obscure or interfere with the legibility of the designated Information.

      a.     For Documents (apart from transcripts of depositions or other pre-Matter or Matter proceedings), the Designating Party must affix the legend "Confidential" on each page of any Document containing such designated material.

      b.     For Testimony given in depositions the Designating Party may either:

          i.     identify on the record before the close of the deposition all "Confidential" Testimony, by specifying all portions of the Testimony that qualify as "Confidential"; or

          ii.     designate the entirety of the Testimony at the deposition as "Confidential" (before the deposition concludes) with the right to identify more specific portions of the Testimony as to which protection is sought within 30 days following receipt of the deposition transcript. In circumstances where portions of the deposition Tes-

1  timony are designated for protection, the transcript pages containing "Confidential" Information may be separately bound by the court reporter, who must affix to the top of each page the legend "Confidential," as instructed by the Designating Party.

   c. For Information produced in some form other than Documents, and for any other tangible items, including without limitation, compact discs, DVDs or USB hard drives, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the Information or item is stored the legend "Confidential." If only portions of the Information or item warrant protection, then the Designating Party, to the extent practicable, shall identify the "Confidential" portions.

   4. The inadvertent production by any of the undersigned Parties or non-Parties to the Matter of any Document, Testimony or Information during discovery in this Matter without a "Confidential" designation, shall be without prejudice to any claim that such item is "Confidential" and such Party shall not be held to have waived any rights by such inadvertent production. In the event that any Document, Testimony or Information that is subject to a "Confidential" designation is inadvertently produced without such designation, the Party that inadvertently produced the document, or that claims a "Confidential" designation, shall give written notice of such inadvertent production within twenty (20) days of discovery of the inadvertent production, together with a further copy of the subject Document, Testimony or Information designated as "Confidential" (the "Inadvertent Production Notice"). Upon receipt of such Inadvertent Production Notice, the Party that received the inadvertently produced Document, Testimony or Information shall promptly destroy the inadvertently produced Document, Testimony or Information and all copies thereof, or, at the expense of the producing Party, return such together with all copies of such Document, Testimony or Information to counsel for the producing Party and shall retain only the "Confidential" materials. Should the receiving Party choose to destroy such inadvertently produced Document, Testimony or Information, the receiving Party shall notify the producing Party, or claiming Party, in writing of such destruction within ten (10) days of receipt of written notice of the inadvertent production. This provision is not

intended to apply to any inadvertent production of any Document, Testimony or Information protected by attorney-client or work product privileges. In the event that this provision conflicts with any applicable law regarding waiver of confidentiality through the inadvertent production of Documents, Testimony or Information, such law shall govern.

5.  In the event that counsel for a Party receiving Documents, Testimony or Information in discovery designated as "Confidential" objects to such designation with respect to any or all of such items, said counsel shall advise counsel for the Designating Party, in writing, of such objections, the specific Documents, Testimony or Information to which each objection pertains, and the specific reasons and support for such objections (the "Designation Objections"). Counsel for the Designating Party shall have thirty (30) days from receipt of the written Designation Objections to either (a) agree in writing to de-designate Documents, Testimony or Information pursuant to any or all of the Designation Objections or (b) file a motion with the Court seeking to uphold any or all designations on Documents, Testimony or Information addressed by the Designation Objections (the "Designation Motion"). Pending a resolution of the Designation Motion by the Court, any and all existing designations on the Documents, Testimony or Information at issue in such Motion shall remain in place. The Designating Party shall have the burden on any Designation Motion of establishing the applicability of its "Confidential" designation. In the event that the Designation Objections are neither timely agreed to nor timely addressed in the Designation Motion, then such Documents, Testimony or Information shall be de-designated in accordance with the Designation Objection applicable to such material.

6.  Access to or Disclosure of Confidential Materials shall be permitted only to the following persons or entities:

   a. the Court in the Matter and Korean Proceeding;

   b. (1) Attorneys of record in the Matter and Korean Proceeding, and their affiliated attorneys, paralegal, clerical and secretarial staff employed by such attorneys who are actively involved in the Matter and are not employees of any Party; (2) In-house counsel to the undersigned Parties and the paralegal, clerical and secretarial staff

employed by such counsel; provided, however, that each non-lawyer given access to Confidential Materials shall be advised that such materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other than pursuant to these terms;

  c. those officers, directors, partners, members, employees and agents of all non-designating Parties that counsel for such Parties deems necessary to aid counsel in the prosecution and defense of this Matter; provided, however, that prior to the Disclosure of Confidential Materials to any such officer, director, partner, member, employee or agent, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain that such person is bound to follow the terms of such Order and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A;

  d. court reporters in this Matter (whether at depositions, hearings or any other proceeding) or Korean Proceeding;

  e. any deposition, trial or hearing witness in the Matter or Korean Proceeding who previously has had access to the Confidential Materials, or who is currently or was previously an officer, director, partner, member, employee or agent of an entity that has had access to the Confidential Materials;

  f. any deposition or non-matter hearing witness in the Matter or Korean Proceeding who previously did not have access to the Confidential Materials; provided, however, that each such witness given access to Confidential Materials shall be advised that such materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other than pursuant to its terms;

  g. mock matter participants; provided, however, that prior to the Disclosure of Confidential Materials to any such mock matter participant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and

shall secure the signature of such person on a statement in the form attached hereto as Exhibit A.

  h. outside experts or expert consultants consulted by the undersigned Parties or their counsel in connection with the Matter or Korean Proceeding, whether or not retained to testify at any oral hearing; provided, however, that prior to the Disclosure of Confidential Materials to any such expert or expert consultant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A. It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Stipulation and Protective Order by any such expert or expert consultant, to promptly notify counsel for the Designating Party of such breach or threatened breach; and

  i. any other person or entity that the Designating Party agrees to in writing.

 7. Confidential Materials shall be used by the persons or entities receiving them only for the purposes of preparing for, conducting or participating in the prosecuting or defending of the Matter and/or Korean Proceeding, and not for any business or other purpose whatsoever.

 8. Any Party to the Matter (or other person subject to the terms of this Stipulation and Protective Order) may ask the Court, after appropriate notice to the other Parties to the Matter, to modify or grant relief from any provision of this Stipulation and Protective Order.

 9. Entering into, agreeing to or complying with the terms of this Stipulation and Protective Order shall not:

  a. operate as an admission by any person that any Document, Testimony or Information marked "Confidential" contains or reflects trade secrets, proprietary, confidential or competitively sensitive business, commercial, financial or personal information; or

        b.    prejudice in any way the right of any Party (or any other person subject to the terms of this Stipulation and Protective Order):

        i.    to seek a determination by the Court of whether any particular Confidential Materials should be subject to protection under the terms of this Stipulation and Protective Order; or

        ii.    to seek relief from the Court on appropriate notice to all other Parties to the Matter from any provision(s) of this Stipulation and Protective Order, either generally or as to any particular Document, Material or Information.

10. Any Party to the Matter who has not executed this Stipulation and Protective Order as of the time it is presented to the Court for signature may thereafter become a Party to this Stipulation and Protective Order by its counsel's signing and dating a copy thereof and submitting the same to the Court, and serving copies of such signed and dated copy upon the other Parties to this Stipulation and Protective Order.

11. Any Information that may be produced by a non-Party witness in discovery in the Matter pursuant to subpoena or otherwise may be designated by such non-Party as "Confidential" under the terms of this Stipulation and Protective Order, and any such designation by a non-Party shall have the same force and effect, and create the same duties and obligations, as if made by one of the undersigned Parties hereto. Any such designation shall also function as consent by such producing non-Party to the authority of the Court in the Matter to resolve and conclusively determine any motion or other application made by any person or Party with respect to such designation, or any other matter otherwise arising under this Stipulation and Protective Order.

12. If any person subject to this Stipulation and Protective Order who has custody of any Confidential Materials receives a subpoena or other process ("Subpoena") from any government or other person or entity demanding production of such materials, the recipient of the Subpoena shall promptly give notice of the same by electronic mail transmission, followed by either express mail or overnight delivery to counsel of record for the Designating Party, and shall furnish such counsel with a copy of the Subpoena. Upon re-

ceipt of this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the Subpoena, otherwise oppose production of the Confidential Materials, or seek to obtain confidential treatment of such materials from the subpoenaing person or entity to the fullest extent available under law. The recipient of the Subpoena may not produce any Confidential Materials pursuant to the Subpoena prior to the date specified for production on the Subpoena.

13. Nothing in this Stipulation and Protective Order shall be construed to preclude either Party from asserting in good faith that certain Confidential Materials require additional protection. The Parties shall meet and confer to agree upon the terms of such additional protection.

14. If, after execution of this Stipulation and Protective Order, any Confidential Materials submitted by a Designating Party under the terms of this Stipulation and Protective Order is Disclosed by a non-Designating Party to any person other than in the manner authorized by this Stipulation and Protective Order, the non-Designating Party responsible for the Disclosure shall bring all pertinent facts relating to the Disclosure of such Confidential Materials to the immediate attention of the Designating Party.

15. This Stipulation and Protective Order is entered into without prejudice to the right of any Party to knowingly waive the applicability of this Stipulation and Protective Order to any Confidential Materials designated by that Party. If the Designating Party uses Confidential Materials in a non-Confidential manner, then the Designating Party shall advise that the designation no longer applies.

16. Where any Confidential Materials, or Information derived therefrom, is included in any motion or other proceeding, the following shall apply: If Confidential Materials or Information derived therefrom are submitted to or otherwise disclosed to the Court in connection with discovery motions and proceedings, the same shall be separately filed under seal with the Court in an envelope marked: "CONFIDENTIAL – FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER AND WITHOUT ANY FURTHER SEALING ORDER REQUIRED."

17. The Parties shall meet and confer regarding the procedures for use of any Confidential Materials at any Matter hearing and shall move the Court for entry of an appropriate order.

18. Nothing in this Stipulation and Protective Order shall affect the admissibility into evidence of Confidential Materials, or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of any Confidential Materials.

19. This Stipulation and Protective Order, and the protections conferred by this Stipulation and its associated Order, do not cover information which: (a) is in the public domain at the time of disclosure of any Document, Testimony or Information that is subject to a "Confidential" designation; (b) thereafter becomes part of the public domain as a result of publication not involving a violation of this Order; or (c) is known to, or in the possession, custody or control of, a party or person subject to the Order who discloses "Confidential" Document, Testimony or Information which was obtained from a lawful source under no obligation of confidentiality to the Designating Party.

20. This Stipulation and Protective Order shall continue to be binding after the conclusion of this Matter and Korean Proceeding and all subsequent proceedings arising from this Matter or Korean Proceeding, except that a Party may seek the written permission of the Designating Party or may move the Court for relief from the provisions of this Stipulation and Protective Order. To the extent permitted by law, the Court shall retain jurisdiction to enforce, modify or reconsider this Stipulation and Protective Order, even after the Matter concludes.

21. Upon written request made within thirty (30) days after the settlement or other conclusion of the Matter, the undersigned Parties shall have thirty (30) days to either (a) promptly return to counsel for each Designating Party all Confidential Materials, and all copies thereof, except that counsel for each Party may maintain in its files, in continuing compliance with the terms of this Stipulation and Protective Order, all work product, one copy of each pleading filed with the Court and one copy of each deposition transcript

together with the exhibits marked at the deposition, (b) agree with counsel for the Designating Party upon appropriate methods and certification of destruction or other disposition of such materials, or (c) as to any Documents, Testimony or other Information not addressed by sub-paragraphs (a) and (b), file a motion seeking an order from the Court regarding proper preservation of such Materials. To the extent permitted by law the Court shall retain continuing jurisdiction to review and rule upon the motion referred to in sub-paragraph (c) herein.

22. After this Stipulation and Protective Order has been signed by counsel for all Parties, it shall be presented to the Court for entry. Counsel agree to be bound by the terms set forth herein with regard to any Confidential Materials that have been produced before the Court signs this Stipulation and Protective Order.

25. The Parties and all signatories to the Certification attached hereto as Exhibit A agree to be bound by this Stipulation and Protective Order pending its approval and entry by the Court. In the event that the Court modifies this Stipulation and Protective Order, or in the event that the Court enters a different Protective Order, the Parties agree to be bound by this Stipulation and Protective Order until such time as the Court may enter such a different Order. It is the Parties' intent to be bound by the terms of this Stipulation and Protective Order pending its entry so as to allow for immediate production of Confidential Materials under the terms herein. This Stipulation and Protective Order may be executed in counterparts.

Dated: August 6, 2021                      **KATTEN MUCHIN ROSENMAN LLP**

By: *Noah R. Balch*
    Noah R. Balch
    Attorneys for Nonparty INTARCIA THERAPEUTICS, INC.

Dated: August 6, 2021　　　　　　　　　　**LARSON LLP**

By: _____
　　　Jen C. Won
　　　Attorneys for Petitioner PENSION FOUNDA-
　　　TION OF PRESBYTERIAN CHURCH OF KOREA

## ORDER

**GOOD CAUSE APPEARING,** the Court hereby approves this Stipulation and Protective Order.

**IT IS SO ORDERED.**

Dated: _____   _____

THE HONORABLE THOMAS S. HIXON

UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

**CERTIFICATION REGARDING CONFIDENTIAL DISCOVERY MATERIALS**

I hereby acknowledge that I, _____[NAME], _____ [POSITION AND EMPLOYER], am about to receive Confidential Materials supplied in connection with the Matter, **CLAIM NO. 01-20-0003-7037**. I certify that I understand that the Confidential Materials are provided to me subject to the terms and restrictions of the Stipulation and Protective Order filed in this Matter. I have been given a copy of the Stipulation and Protective Order; I have read it, and I agree to be bound by its terms.

I understand that the Confidential Materials, as defined in the Stipulation and Protective Order, including any notes or other records that may be made regarding any such materials, shall not be Disclosed to anyone except as expressly permitted by the Stipulation and Protective Order. I will not copy or use, except solely for the purposes of this Matter, any Confidential Materials obtained pursuant to this Stipulation and Protective Order, except as provided therein or otherwise ordered by the Court in the Matter.

I further understand that I am to retain all copies of all Confidential Materials provided to me in the Matter in a secure manner, and that all copies of such materials are to remain in my personal custody until termination of my participation in this Matter, whereupon the copies of such materials will be returned to counsel who provided me with such materials.

I declare under penalty of perjury, under the laws of the State of _____, that the foregoing is true and correct. Executed this _____ day of _____, 20__, at _____.

*[signature page follows]*

DATED:_____   BY:  _____
                                      Signature

                                      _____
                                      Title

                                      _____
                                      Address

                                      _____
                                      City, State, Zip

                                      _____
                                      Telephone Number